JUDGE RAMOS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
LUIS D. ALCALA,

                *Plaintiff*,

    v.

THE TOPPS COMPANY, INC.

                *Defendant*.
-------------------------------------------------------------------X

15 CV 1944

**COMPLAINT**

15 Civ.

RECEIVED
MAR 16 2015
U.S.D.C. S.D.N.Y.

Plaintiff Luis Alcala, by and through counsel, The Harman Firm, PC, respectfully alleges against The Topps Company, Inc. as follows:

PRELIMINARY STATEMENT

1. Plaintiff Luis D. Alcala ("Plaintiff" or "Mr. Alcala") was employed by Defendant The Topps Company, Inc. ("Topps") as a Desktop Support Engineer. Defendant failed to pay Mr. Alcala for overtime hours worked, in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and New York State Labor Law as codified at N.Y. LAB. LAW § 220 ("NYLL").

JURISDICTION AND VENUE

2. Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over Plaintiff's claims as Defendant violated Plaintiff's rights under the FLSA, as amended 29 U.S.C. §§ 201, *et seq.*

3. Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over Plaintiff's claim brought under NYLL.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of New York because a substantial part of the events giving rise to the claim occurred within this District.

## TRIAL BY JURY

5. Plaintiff respectfully requests a trial before a jury.

## PARTIES

6. At all times relevant hereto, Plaintiff Luis Alcala was and is an individual, residing in the State of New York, Bronx County.

7. At all times relevant hereto, Defendant Topps was and is a business corporation organized under the laws of Delaware with its principal place of business at 1 Whitehall Street, New York, New York, 10004.

## FACTUAL ALLEGATIONS

8. Plaintiff Alcala began his employment with Topps in and around September 2011 as a Desktop Support Engineer.

9. As a Desktop Support Engineer, Plaintiff earned a salary of approximately fifty five thousand dollars ($55,000) per year.

10. As a Desktop Support Engineer, Plaintiff's duties primarily consisted of providing information technology ("IT") assistance, troubleshooting problems with Defendant's desktop computers and laptop computers, formatting computers, installing operating systems and programs onto Defendant's computers, and responding to requests for assistance or "tickets," filed by Defendant's other employees.

11. Plaintiff worked primarily out of Defendant's Manhattan offices located at 1 Whitehall Street ("Whitehall").

12. Plaintiff worked five (5) days a week, from Monday through Friday.

13. Each day working out of the Whitehall location, Plaintiff began work at approximately 8:00 a.m., and would work from then until anywhere between 5:00 p.m. and 7:30 p.m. each night.

14. Defendant allotted Plaintiff one (1) hour each day for lunch; because of Defendant's demands on his time, however, Plaintiff rarely took more than a half-hour break.

15. As a result, Plaintiff routinely worked from five (5) to fifteen (15) hours of overtime each week.

16. Approximately twice per month, Plaintiff was required to drive to Defendant's Scranton, Pennsylvania location to perform computer support tasks there.

17. The drive from New York City to Scranton takes between two (2) and three (3) hours.

18. Plaintiff often had to drive to Scranton, work a shift of eight (8) to ten (10) hours, and drive back to New York City that same day.

19. Plaintiff routinely worked forty-five (45) to fifty-five (55) hours a week while employed by Defendant as a Desktop Support Engineer.

20. Plaintiff occasionally worked in excess of sixty (60) hours a week.

21. Defendant did not pay Plaintiff any additional compensation for overtime worked during his employment with Topps.

22. In and around January 2014, Defendant terminated Plaintiff's employment.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### Violation of the FLSA for Failure to Pay Overtime

23.   Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 22 with the same force as though separately alleged herein.

24.   At all relevant times, Mr. Alcala was an employee, and Defendant Topps was an employer as contemplated by the FLSA.

25.   The FLSA requires that all employees covered by the FLSA receive overtime pay for hours worked over forty (40) in a workweek at a rate not less than time and one-half their regular rate of pay.

26.   Defendant regularly required Mr. Alcala to work through breaks and stay at work for more than eight (8) hours a day.

27.   As a result, Mr. Alcala worked well over forty (40) hours per week each week during his employment with Defendant.

28.   Mr. Alcala was not compensated for any of the overtime he performed for Defendant.

29.   As a direct and proximate consequence of Defendant's illegal conduct, Plaintiff has suffered substantial monetary damages, including, but not limited to loss of income.

30.   Additionally, the FLSA provides for, and Mr. Alcala is entitled to, liquidated damages, attorney's fees, and costs.

### SECOND CAUSE OF ACTION
### Violation of the NYLL for Failing to Pay Overtime

31.   Plaintiff hereby realleges and incorporates each and every allegation contained in paragraphs 1 through 30 with the same force as though separately alleged herein.

4

32. The NYLL requires that all employees covered by the NYLL receive overtime pay for hours worked over forty (40) in a workweek at a rate not less than time and one-half their regular rate of pay.

33. Mr. Alcala is an employee, and Defendant Topps is an employer as contemplated by NYLL.

34. Defendant required Mr. Alcala to work through breaks and stay at work for more than eight (8) hours a day.

35. As a result, Mr. Alcala worked well over forty (40) hours per week during his employment with Defendant.

36. Mr. Alcala was not compensated for any of the overtime he performed for Defendant.

37. As a direct and proximate consequence of Defendant's illegal conduct, Plaintiff has suffered and continues to suffer substantial monetary damages, including, but not limited to loss of income.

38. Additionally, NYLL provides for, and Mr. Alcala is entitled to, liquidated damages, attorney's fees, interest, and costs.

## Request for Relief

**WHEREFORE**, Plaintiff respectfully requests the following relief:

A. For the first claim, actual damages to be determined at trial, but in no event less than $400,000;

B. For the second claim, actual damages to be determined at trial, but in no event less than $400,000;

C. An award of compensatory, liquidated, and punitive damages;

D. Pre-judgment and post-judgment interest;

E. Attorneys' fees and costs; and

F. Such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           March 13, 2015

By: _____
Walker G. Harman, Jr. [WH-8044]
THE HARMAN FIRM, P.C.
*Attorneys for Plaintiff*
1776 Broadway, Suite 2030
New York, NY 10019
(212) 425-2600
wharman@theharmanfirm.com