# THE HARMAN FIRM, LLP

**Attorneys & Counselors At Law**

www.theharmanfirm.com

December 24, 2015

**VIA ECF**

Hon. Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:     *Luis Alcala v. The Topps Company, Inc., 15 CV 1944 (ER) (KNF)*

Dear Judge Ramos:

This firm represents Plaintiff Luis Alcala in the above-referenced employment action. We write in further support of the parties' application for Court approval of an FLSA settlement and in response to the Court's order regarding attorneys' fees and confidentiality.

Attorneys' Fees

This office began working with the Plaintiff in October 2014. Plaintiff commenced this action on March 16, 2015. Defendant filed its Answer on May 8, 2015. The parties appeared before Your Honor for an initial conference on July 16, 2015, and attended a settlement conference before Magistrate Judge Kevin Nathaniel Fox on September 22, 2015. The parties reached a tentative agreement to settle the case, and so informed the Court on October 7, 2015. After protracted negotiations, the parties reached a final agreement on or about December 14, 2015, memorialized in the Settlement Agreement, which has been provided to the Court.

Under the Settlement Agreement, Defendant's agree to pay a total of $35,000 to settle this matter. Plaintiff's counsel will receive one-third of the amount recovered, after costs and expenses, or approximately $11,500. The sole Plaintiff in this action has agreed to this allocation of fees, both in signing the Settlement Agreement and in the contingency fee arrangement described in the retainer agreement between Plaintiff and Plaintiff's counsel.

Attorneys' fees of one-third are commonly awarded in wage-and-hour litigations. See, e.g., *Willix v. Healthfirst*, 07 CV 1143 (ENV)(RER), 2011 WL 754862 at *7 (E.D.N.Y. Feb. 18, 2011) ("Class Counsel's request for [thirty-three and one-third percent (33⅓%)] of the fund is reasonable and 'consistent with the norms of class litigation in this circuit.'") (*citing Gilliam v. Addicts Rehab. Ctr. Fund*, 05 CV 3452 (RLE), 2008 WL 782596 at *5 (S.D.N.Y. Mar. 24, 2008)); *Diaz v. E. Locating Serv.*, 10 CV 4082 (JCF), 2010 WL 2945556 at *7 (S.D.N.Y. July 22, 2010) (same). *Han v. Sterling Nat'l Mortg.*, 09 CV 5589 (JFB)(AKT) (E.D.N.Y. Aug. 9, 2012) (approving thirty-six percent (36%) to class counsel).

In *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), the Second Circuit

1776 Broadway, Suite 2030
New York, New York 10019
T 212 425 2600 F 212 202 3926

articulated six factors for courts to consider in determining the reasonableness of fee applications: (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) [25] the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Id.* at 463. These factors, though tailored for a multi-plaintiff action, weigh in favor of approving the Settlement Agreement. Should litigation continue, fees and expenses will mount on both sides, as considerable discovery, including depositions, remain. The sole Plaintiff has agreed to the terms of the agreement. Significant risks exist as to proving Plaintiff's overtime hours worked and exempt status, as no conclusive documents exist delineating Plaintiff's hours worked. The settlement reached is between Plaintiff's estimation of damages, and Defendant's estimation of damages (in the case that Defendant is found liable). We have elected to seek fees under a contingency model rather than Lodestar, as seeking fees under Lodestar would protract the litigation and impede settlement.

Further, the attorneys' fees as provided for in the Settlement Agreement are lower than the amount of actual fees as calculated for a Lodestar amount. Plaintiff's counsel has attached contemporaneous time records, which show actual fees in excess of $25,000.00.

The rates listed in Plaintiff's counsel's accounting of fees are reasonable given the experience of the attorneys' working on the case. Myself, this firm, and the attorneys working on this case have significant experience litigating cases under the Fair Labor Standards Act. I formed The Harman Firm in 2003, after several years as an associate with a large international law firm. The Harman Firm specializes in employment litigation, and has litigated dozens of cases under the FLSA. I billed at the rate of $450.00 per hour. Associate attorneys Owen Laird and Edgar Rivera billed at a rate of $250.00 per hour. Owen Laird, the primary associate on this matter, has worked with me for two years, and been personally involved in the litigation of approximately ten FLSA cases. Edgar Rivera, another associate who worked on the case, has been with this office for approximately one year, and has worked on a half-dozen FLSA cases. The rates listed above are consistent with rates approved by this court in similar actions. *See Guallpa v. NY Pro Signs Inc.*, 2014 U.S. Dist. LEXIS 77033, *27-29 (S.D.N.Y. May 27, 2014), *DeCurtis v. Upward Bound Int'l, Inc.*, 2011 U.S. Dist. LEXIS 114001, *23-25 (S.D.N.Y. Sept. 27, 2011). Accordingly, the Court should approve the Settlement Agreement, including Plaintiff's Counsel's fees.

Confidentiality

With regard to the Court's concern about the confidentiality provision in the proposed agreement, the parties have agreed to waive confidentiality insofar as filing the agreement publicly on the docket. There remains a confidentiality provision in the proposed agreement regarding Plaintiff's and Defendant's license to discuss the case and settlement. We believe that by filing the proposed agreement publicly, the parties satisfy the FLSA's policy interest in promoting knowledge of such settlements.

      Accordingly, the Court should approve the proposed settlement agreement and issue the order dismissing the case.

                            Respectfully submitted,

                            <u>s/ Walker G. Harman, Jr.</u>
                            Walker G. Harman, Jr.


cc:     Wendy J. Melk, Esq. [via ECF]


Encls.