# THE HARMAN FIRM, LLP

**Attorneys & Counselors At Law**
www.theharmanfirm.com

---

February 5, 2016

Honorable Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:     *Alcala v. The Topps Company, Inc.*   15-CV-1944(ER)(KNF)

Dear Judge Ramos:

      This firm represents the Plaintiff in the above-referenced Fair Labor Standards Act ("FLSA") action; we write with regard to the Court's Order dated February 3, 2016 (Docket No. 23), which rejected the parties' proposed settlement agreement.  At this juncture, the Plaintiff believes that settlement negotiations have broken down, and seeks to resume litigation of this case.

      The parties have been engaged in settlement negotiations since June of last summer, or approximately seven (7) months.  Last summer it was repeatedly stated that by our office that a settlement could be achievable in the $45,000 range, but only at an early stage before attorneys' fees, costs and expenses began to mount.  Since last summer, the attorneys' fees have nearly doubled what was originally contemplated, largely due to Defendant's recalcitrant insistence on including language in the agreement that violates Second Circuit precedent in *Cheeks v. Freeport Pancake House, Inc.*, (796 F.3d 199, 200 (2d Cir. 2015)).

      After early negotiations failed to result in a settlement, in an effort to bridge the gap, the parties requested to be referred to Magistrate Judge Fox for a settlement conference (Docket No. 16); that conference took place before Magistrate Judge Fox on September 22, 2015.  This endeavor required position statements, research, and a good deal of preparation.  Subsequent to that conference, the parties reached an agreement and informed the Court as much on October 7, 2015.  Since then, respective counsel have spent months discussing the content of the settlement agreement.  Plaintiff's counsel consistently expressed reservations concerning the drafting of the agreement; we are aware of the scrutiny that courts in this Circuit apply to FLSA settlement agreements, particularly in light of *Cheeks*.  We took that time to conduct additional research and prepare a letter to opposing counsel expressing our concerns.  *See* November 18, 2015 letter, attached as Exhibit A.  Nonetheless, Defendant insisted upon including language that clearly violates *Cheeks* and we were forced to submit our first proposed settlement agreement to the Court for in-camera review on December 14, 2015.  The Court rejected that agreement on December 15, 2015, indicating that the agreement lacked adequate documentation to allow the

Hon. Edgardo Ramos
February 5, 2015
Page 2 of 2

Court to assess whether the agreement was fair and reasonable, and noting that the parties had not established grounds for a confidential agreement.  *See* Docket No. 20.

  After the Court's December 15, 2015, Order, counsel for the parties again engaged in settlement discussions to attempt to resolve the case.  Plaintiff again expressed concern about several components of the proposed agreement, particularly in light of the Court's Order.  Defendant insisted upon retaining broad release language as well as confidentiality and non-disparagement provisions; as a precaution for the likely event that the Court would once again reject the agreement, Defendant added language providing for a variety of contingencies.  The parties submitted this agreement on December 24, 2015, along with documentation pertaining to attorney's fees and a letter concerning the reasonableness of the amount.

  The Court rejected the revised settlement agreement in an Order dated February 2, 2016.  Docket No. 23.  The Court's rejected the agreement i) because of the breadth of the release of claims, ii) for barring plaintiff from working for or applying for employment with Defendant in the future, iii) because of the agreement's confidentiality provisions, iv) because the non-disparagement provision did contain a necessary carve-out, and v) because the parties did not submit sufficient information about the dispute for the Court to determine whether the settlement amount was fair and reasonable.  Docket No. 23.

  At this point, Defendant seeks to once again revise and resubmit the agreement.  Plaintiff, however, elects to renegotiate the entire agreement pursuant to clause 15 of the revised agreement.  The Defendant, in contravention of that clause, seeks only to continue to tweak the language in order to find the most restrictive permissible agreement.   The contingencies laid out in the revised agreement do not require Plaintiff to continue to submit to revision after revision in the event of the wholesale rejection of the agreement, as the Court in fact has done twice.  Plaintiff no longer has the patience to engage with Defendant in this time consuming and expensive, self-serving process.  Accordingly, Plaintiff requests that the Court re-open the case and schedule discovery deadlines.

               Respectfully Submitted,


               s/ Walker G. Harman, Jr.

               Walker G. Harman, Jr.


cc:  Wendy J. Mellk., Esq. (via ECF)



Encl.