**THE HARMAN FIRM, LLP**

Attorneys & Counselors At Law
www.theharmanfirm.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 2/8/2016

February 5, 2016

Honorable Edgardo Ramos, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re:   *Alcala v. The Topps Company, Inc.*   15-CV-1944(ER)(KNF)

Dear Judge Ramos:

This firm represents the Plaintiff in the above-referenced Fair Labor Standards Act ("FLSA") action; we write with regard to the Court's Order dated February 3, 2016 (Docket No. 23), which rejected the parties' proposed settlement agreement.  At this juncture, the Plaintiff believes that settlement negotiations have broken down, and seeks to resume litigation of this case.

The parties have been engaged in settlement negotiations since June of last summer, or approximately seven (7) months.  Last summer it was repeatedly stated that by our office that a settlement could be achievable in the $45,000 range, but only at an early stage before attorneys' fees, costs and expenses began to mount.  Since last summer, the attorneys' fees have nearly doubled what was originally contemplated, largely due to Defendant's recalcitrant insistence on including language in the agreement that violates Second Circuit precedent in *Cheeks v. Freeport Pancake House, Inc.*, (796 F.3d 199, 200 (2d Cir. 2015)).

After early negotiations failed to result in a settlement, in an effort to bridge the gap, the parties requested to be referred to Magistrate Judge Fox for a settlement conference (Docket No. 16); that conference took place before Magistrate Judge Fox on September 22, 2015.  This endeavor required position statements, research, and a good deal of preparation.  Subsequent to that conference, the parties reached an agreement and informed the Court as much on October 7, 2015.  Since then, respective counsel have spent months discussing the content of the settlement agreement.  Plaintiff's counsel consistently expressed reservations concerning the drafting of the agreement; we are aware of the scrutiny that courts in this Circuit apply to FLSA settlement agreements, particularly in light of *Cheeks*.  We took that time to conduct additional research and prepare a letter to opposing counsel expressing our concerns.  *See* November 18, 2015 letter, attached as Exhibit A.  Nonetheless, Defendant insisted upon including language that clearly violates *Cheeks* and we were forced to submit our first proposed settlement agreement to the Court for in-camera review on December 14, 2015.  The Court rejected that agreement on December 15, 2015, indicating that the agreement lacked adequate documentation to allow the

MEMO ENDORSED

Court to assess whether the agreement was fair and reasonable, and noting that the parties had not established grounds for a confidential agreement.  See Docket No. 20.

After the Court's December 15, 2015, Order, counsel for the parties again engaged in settlement discussions to attempt to resolve the case.  Plaintiff again expressed concern about several components of the proposed agreement, particularly in light of the Court's Order.  Defendant insisted upon retaining broad release language as well as confidentiality and non-disparagement provisions; as a precaution for the likely event that the Court would once again reject the agreement, Defendant added language providing for a variety of contingencies.  The parties submitted this agreement on December 24, 2015, along with documentation pertaining to attorney's fees and a letter concerning the reasonableness of the amount.

The Court rejected the revised settlement agreement in an Order dated February 2, 2016.  Docket No. 23.  The Court's rejected the agreement i) because of the breadth of the release of claims, ii) for barring plaintiff from working for or applying for employment with Defendant in the future, iii) because of the agreement's confidentiality provisions, iv) because the non-disparagement provision did contain a necessary carve-out, and v) because the parties did not submit sufficient information about the dispute for the Court to determine whether the settlement amount was fair and reasonable.  Docket No. 23.

At this point, Defendant seeks to once again revise and resubmit the agreement.  Plaintiff, however, elects to renegotiate the entire agreement pursuant to clause 15 of the revised agreement.  The Defendant, in contravention of that clause, seeks only to continue to tweak the language in order to find the most restrictive permissible agreement.   The contingencies laid out in the revised agreement do not require Plaintiff to continue to submit to revision after revision in the event of the wholesale rejection of the agreement, as the Court in fact has done twice.  Plaintiff no longer has the patience to engage with Defendant in this time consuming and expensive, self-serving process.  Accordingly, Plaintiff requests that the Court re-open the case and schedule discovery deadlines.

Respectfully Submitted,

s/ Walker G. Harman, Jr.

Walker G. Harman, Jr.

cc:   Wendy J. Mellk., Esq. (via ECF)

Encl.

> The Clerk of the Court is respectfully directed to re-open the case.  The parties are directed to submit a joint proposed discover schedule by Tuesday, February, 16, 2016.  See attachment.
>
> SO ORDERED.
>
> _____
> Edgardo Ramos, U.S.D.J
> Dated:  2/8/2016
> New York, New York

UNITED STATES DISTRICT COURT  Rev. June. 2013
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

                           Plaintiff(s),      **CIVIL CASE DISCOVERY PLAN**
                                                       **AND SCHEDULING ORDER**
   - against -

                          Defendant(s).      _____ CV _____ (ER)

-------------------------------------------------------------x

This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

    a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

    b. Depositions shall proceed concurrently.

    c. Whenever possible, unless counsel agree otherwise or the Court so orders,

        non-party depositions shall follow party depositions.

8.    Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9.    Requests to Admit, if any, shall be served no later than _____.

10.   Expert reports shall be served no later than _____.

11.   Rebuttal expert reports shall be served no later than _____.

12.   Expert depositions shall be completed by _____.

13.   Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14.   **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15.   Any motions shall be filed in accordance with the Court's Individual Practices.

16.   This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17.   The Magistrate Judge assigned to this case is the Hon. _____.

18.   If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19.   The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated: New York, New York

      _____

      _____
      Edgardo Ramos, U.S. District Judge