**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------x

LUIS D. ALCALA,

         Plaintiff,

  -against-         Civ. No.: 15 CV 1944 (ER)

THE TOPPS COMPANY, INC.,

         Defendant.

----------------------------------------------------------x

## SETTLEMENT AGREEMENT AND RELEASE

  WHEREAS, Luis Alcala (referred to hereinafter as "Plaintiff"), and The Topps Company, Inc. ("Defendant") desire to resolve, settle and agree to dismiss with prejudice all claims and all issues raised in or by (or which could have been raised in) the Complaint in the above-captioned action (the "Lawsuit"), without further litigation or adjudication;

  WHEREAS, the Plaintiff and Defendant, without any concession or admission of unlawful conduct, liability, fault or wrongdoing, now desire to avoid further litigation and, by this Agreement, intend to resolve all matters raised in the Lawsuit and any and all claims which Plaintiff asserted, including wage-related claims arising under federal or state statutory or common law, including claims of retaliation;

  WHEREAS, Plaintiff and Defendant understand and agree that Defendant denies each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in Plaintiff's pleadings in the Lawsuit, or otherwise relating to the lawsuit captioned above, and in any other proceeding commenced by, in behalf of or involving Plaintiff and in any other document or statement whatsoever;

  WHEREAS, Plaintiff and Defendant understand and agree that neither the making of this Settlement Agreement and Release (hereinafter "Agreement") nor anything contained herein shall be construed or considered in any way to be an admission by Defendant of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendant's policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever; and,

  WHEREAS, the Lawsuit between Plaintiff and Defendant, shall be dismissed in its entirety and with prejudice by the Court pursuant to the Stipulation and Order of Final Dismissal with Prejudice to be executed by counsel for Plaintiff and Defendant, as set forth below:

NOW, THEREFORE, IT IS STIPULATED AND AGREED BY AND BETWEEN THE PARTIES that:

**1.     Definition of Parties.**

(a)     "Plaintiff" shall be defined to include, but is not limited to, Luis Alcala and all presently or formerly affiliated persons or entities, including, but not limited to, Mr. Alcala's present or former spouse(s), dependents, heirs, assigns, lien holders, fiduciaries, successors, creditors, debtors, counsel and any otherwise affiliated or related persons and entities.  If an obligation or right is that of Mr. Alcala personally, he will be referred to as "Mr. Alcala" or "Plaintiff."

(b)     "Defendant" shall be defined to include Defendant The Topps Company, Inc. and all presently or formerly related persons or entities including, but not limited to, any present or former parent corporations, subsidiaries, affiliates, investors, divisions, employee benefit plans, purchasers of assets or stocks, board members, insurers, joint ventures, partners, shareholders, successors, assigns, counsel, administrators, heirs, creditors, debtors, executors, officers, directors, agents, fiduciaries, representatives, the employees and representatives of any such entity.  If an obligation or right is that of The Topps Company, Inc., said entity will be referred to as "Topps".

**2.     Plaintiff's Commitments.**

In exchange for the promises set forth in paragraph "4" below, Plaintiff agrees as follows:

(a)     Plaintiff will execute all documents, including, but not limited to, the Stipulation and Order of Final Dismissal with Prejudice ("Stipulation") annexed hereto, that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all known or unknown complaints, suits, actions, charges, claims or proceedings by Plaintiff against Defendant relative to the Lawsuit existing or which could exist as of the date of the execution of this Agreement,.

(b)     An order of final dismissal with prejudice shall be entered upon presentation of said Stipulation by Defendant to any court of competent jurisdiction, administrative agency or other forum where any claim is made or any relief or recovery is sought by, relating to or on behalf of Plaintiff or Defendant.

(c)     Plaintiff and Defendant agree that this Agreement may be introduced in any proceeding solely to enforce its terms, to establish conclusively the settlement and release of the matters described herein, to establish a breach of this Agreement, or to establish the withdrawal and dismissal of the Lawsuit or agency or arbitral proceedings.

(d)     Defendant agrees to execute any and all documents necessary to effectuate the terms of this Agreement.

**3.     Release by the Plaintiff.**

a.     In consideration of the promises made by Defendant in this Agreement, Plaintiff releases and forever discharges Defendant from all claims raised or which could have been raised in the Lawsuit, arising only under the Fair Labor Standards Act and the New York Labor Law.  Plaintiff agrees that he is waiving all claims he could assert against Defendant under the Fair Labor Standards Act and New York Labor Law.

Excepted from this Release is any claim or right which cannot be waived by law, including claims arising after the date of this Agreement and the right to file a charge with or participate in an investigation conducted by the Equal Employment Opportunity Commission and/or state administrative agency. Plaintiff is waiving his right to any monetary recovery should the EEOC or any other agency pursue any wage-related claims released herein on his behalf.   However, Plaintiff agrees that given his respective last date of employment with Defendant, any claim that could be raised with the EEOC as of the date of the execution of this Agreement is time-barred.

Moreover, Plaintiff understands and agrees that he may not reinstate the claims that he has brought in the Lawsuit or use this Agreement as evidence in, or the subject matter of, any future lawsuit or proceeding against Defendant except in an action instituted by either party alleging a breach of this Agreement. Plaintiff further acknowledges and agrees that the Waiver and Release is an essential and material term of this Agreement and that no settlement could have been reached by the Parties without this term.   Plaintiff further warrants and represents that Plaintiffs' counsel has advised him regarding the release in this Section.

In addition, in the event any class or collective action brought against Defendant includes or may include Plaintiff, the Release given by Plaintiff herein shall operate as Plaintiff's waiver of all rights to be a class member or to recover any damages.

b.     Nothing herein shall be construed as a waiver of Plaintiff's rights to pursue workers' compensation claims against Defendant, including claims #2440168529 and #2440154846.

**4.     Consideration.**

a.     In exchange for the promises made herein by Plaintiff, including the release of all claims relating to the Lawsuit that Plaintiff has or may have against Defendant, Topps agrees to pay to Mr. Alcala the gross sum of Forty-Five Thousand Dollars and No Cents ($45,000) (the "Payment"), as set forth below:

>  (i)     The sum of Thirty Thousand Dollars and Zero Cents ($30,000) as and for purported lost wages and benefits, payable to the order of Luis Alcala from which estimated deductions will be made for taxes and other withholdings based upon Mr. Alcala's last W-4 form on file with Topps,

and for which a W-2 tax form will be issued to Mr. Alcala;

    (ii)    The sum of Fifteen Thousand Dollars and Zero Cents ($15,000), payable to the order of "The Harman Firm, on behalf of Luis Alcala" to be allocated costs and expenses, liquidated damages and attorneys' fees.

(b)    The Payments set forth above in Paragraphs 4(a)(i)-(ii) will be forwarded to The Harman Firm, LLP within 10 days of receipt by Defendant's counsel of the executed Agreement and Stipulation, and the Court's approval of the proposed settlement and dismissal of the action with prejudice, whichever is later. Defendant agrees to promptly file the Stipulation of Final Dismissal with the Court upon Plaintiff's counsel's receipt of the checks described in Section 4(a)(i) and (ii) .

(c)    The Payment represents a complete settlement, release and waiver of all claims under the Fair Labor Standards Act and New York Labor Law for alleged lost wages; attorney's fees; costs; and, any other relief of any kind that were raised or could have been raised in the Lawsuit.

(d)    The Parties agree that should any federal, state or local taxes be determined to be owing by any party on the payment of the sums received by Plaintiff under this paragraph, each party shall be solely and completely responsible for his, her or its taxes, interest or penalties. The Settlement Payment made pursuant to this Agreement cannot be construed as an admission of liability regardless of the method of payment. Mr. Alcala understands and agrees no representation is made by or on behalf of Defendant regarding tax obligations or consequences that may arise from this Agreement.

(e)    Plaintiff agrees to indemnify Defendant and to hold Defendant harmless for his share of taxes, penalties and interest, withholding or otherwise, as a consequence of the monies paid to Plaintiff pursuant to this Agreement. It is expressly agreed that if Defendant is required to make or provide any payment beyond its share of taxes, interest, penalties or other monies to any taxing authority, Plaintiff shall reimburse Defendant for such payments within ten (10) days after his counsel's receipt of notice that Defendant have incurred such liability.

**5.**     **No Other Entitlement.**

(a)    Mr. Alcala affirms that he has been paid and has received all compensation, wages, bonuses, commissions, benefits and other monies to which he was entitled under the Fair Labor Standards Act and New York Labor Law and that no other compensation, wages, bonuses, commissions, benefits or other monies are due, except as set forth in Paragraph 4 of this Agreement.

(b)    Mr. Alcala acknowledges that because of circumstances unique to him including, but not limited to, irreconcilable differences with Defendant, he does not wish to hold any position with Topps now or in the future and, shall not apply for employment with Topps.

(c) Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made concerning wage claims included in the Release, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

**6.    Non-Admission of Wrongdoing.**

Plaintiff and Defendant agree that neither this Agreement nor the furnishing of the consideration provided for herein shall be deemed or construed at any time or for any purpose as an admission of any liability or unlawful conduct of any kind by Defendant. Similarly, this Agreement shall not be considered an admission by Mr. Alcala that his claims lack merit.

**7.    Non-Disparagement.**

The Parties agree that Plaintiff shall not communicate or publish, directly or indirectly, any disparaging comments or information about the Defendant. However, the parties agree that Plaintiff may make truthful statements about the instant litigation, his claims in the litigation and this Agreement without violating this Paragraph. Both Plaintiff and Defendant agree that neither Party shall make any statement to the media relative to this settlement.

**8.    Severability and Modification.**

(a) If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, Mr. Alcala and Topps both agree that said court, administrative agency or other entity has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so. To aid in that process, if any such provision is determined to be invalid, illegal or unenforceable, but could be made valid, legal or enforceable by modification thereof, then the party for whose benefit the provision exists, may make such modification as necessary to make the provision valid, legal, enforceable and consistent with the intent stated in this Agreement and the other party shall sign an agreement or stipulation to adopt that modification.

(b) If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect.

**9.    Resolution of Disputes.**   Any controversy or claims relating to this Agreement, as well as any other claim, dispute or issue between the parties, shall be resolved in a proceeding held in and before the United States District Court for the Southern District of New York or the Supreme Court of the State of New York.

**10.    Section Headings.**   Section headings are used herein for reference only and do not

affect the meaning of any provision of this Agreement.

**11.    Entire Agreement.**

(a)    This Agreement (which incorporates as contractual covenants the representations and clauses in the introductory "Whereas" clauses) represents the complete understanding between Mr. Alcala and Defendant and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a full general and unlimited release of all actual or potential claims, whether known or unknown, that Plaintiff may have against Defendant.

(b)    No other promises or agreements shall be binding or shall modify this Agreement.

(c)    Mr. Alcala acknowledges that he has not relied on any representation, promise, or agreement of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

**12.    Competence to Waive Claims.**  Plaintiff is competent to affect a knowing and voluntary release of claims under the Fair Labor Standards Act and New York Labor Law, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired such that he lacks a clear and complete understanding of this Agreement.  Mr. Alcala is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Defendant from any claims by or relating to Plaintiff. Mr. Alcala confirms that he is not Medicare eligible.

**13**.    **Remedies for Breach.**  In the event that a court of competent jurisdiction determines that any of the Parties breach, violate, fail or refuse to comply with any of the provisions, terms or conditions or any warranties, covenants, or representations of this Agreement (the "Breach"), the non-breaching party or parties are entitled to recover damages against the breaching party or parties, including interest, costs, expenses and reasonable attorneys' fees, including any appeal and collection proceeding, accruing to the non-breaching party or parties as a consequence of the Breach.

**14.    Counterparts.**  This Agreement may be executed in counterparts, each of which shall be deemed an original and each of which shall together constitute one and the same agreement.  A signed fax or .pdf copy shall, for all purposes, be deemed an original and in full force and effect.

**15.    Execution.**  The terms of this Agreement are the product of mutual negotiation and compromise between Plaintiff and Defendant.  The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by Plaintiff's counsel, Walker G. Harman, Jr., Esq.  Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that Plaintiff possibly could have against Defendant and is fully satisfied with the advice and counsel provided by Walker G. Harman, Jr., Esq.

TO EXECUTION OF THIS AGREEMENT AND THAT HE HAS DONE SO AND THAT HE IS SATISFIED WITH THE ADVICE AND REPRESENTATION OF HIS ATTORNEY, WALKER G. HARMAN, JR., ESQ.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, MR. ALCALA FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: August __, 2016

By: _____
       LUIS ALCALA

Dated: August 8, 2016

THE TOPPS COMPANY, INC

By: _____
    Name: Jason S. Thaler
    Title: GC

TO EXECUTION OF THIS AGREEMENT AND THAT HE HAS DONE SO AND THAT HE IS SATISFIED WITH THE ADVICE AND REPRESENTATION OF HIS ATTORNEY, WALKER G. HARMAN, JR., ESQ.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 4 ABOVE, MR. ALCALA FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: August 9, 2016

By: _____
LUIS ALCALA

Dated: August__, 2016

THE TOPPS COMPANY, INC

By: _____

  Name: _____

  Title: _____